Jay T. Jambeck (SBN 226018)
Mandy G. Leigh (SBN 225748)
Damien Troutman (SBN 286616)
LEIGH LAW GROUP, P.C.
870 Market Street, Suite 1157
San Francisco, CA 94102
Telephone:   415-399-9155
Facsimile:   415-795-3733

*Attorneys for Plaintiff,*
JACKLINE MUTHOKA

# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
## (SOUTHERN DIVISION)

| | |
|---|---|
| JACKLINE MUTHOKA,<br><br>       Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>       Defendant. | Case No.<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF FOR:**<br><br>1. VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT |

Plaintiff alleges as follows:

1

## THE PARTIES

1. Plaintiff JACKLINE MUTHOKA is a resident of Orange County, California.

2. Defendant NATIONAL BOARD OF MEDICAL EXAMINERS (NBME) is a non-profit organization and is a resident of Philadelphia County, Pennsylvania.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter for the claims in this complaint pursuant to 28 U.S.C. §1331. This action arises under the laws of the United States, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because the Central District of California is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

5. NBME is subject to personal jurisdiction in the State of California as it has purposefully availed itself of doing business in the State of California by administering the United States Medical Licensing Examination (USMLE) to California residents who intend to proceed with licensure as a medical physician. NBME holds a USMLE testing administration site in Los Angeles, California.

## GENERAL ALLEGATIONS

6. Ms. Muthoka, now a United States citizen, grew up in Kenya, under difficult circumstances. At age 10, Ms. Muthoka's mother died from pneumonia, creating a significant hardship on her family. In her eleventh-grade year her father died from a cardiac arrest. Ms. Muthoka and her siblings were forced to work after school to earn income to sustain themselves. Despite these circumstances, Ms. Mtuhoka graduated at the top of her high school class and then from Hope

International University California State University, Fullerton with a degree in Liberal Arts – Pre-medicine, despite significant cultural challenges, and with some informal accommodations.

7. Plaintiff had some difficulty with the Medical College Admission Test (MCAT) and was eventually admitted to the M.D. program at the University of California, Irvine (UCI) Medical School through a conditional program due to the fact that Ms. Muthoka did not receive accommodations on the MCAT.

8. In August 2016 Plaintiff enrolled at the University of California, Irvine (UCI) Medical School in the M.D. program. Plaintiff has satisfactorily completed all academic requirements of her to date – with the exception that she has not yet passed Step 1 of the USMLE examination and a surgery shelf examination that was taken around the same time as the USMLE.

9. Each medical student who intends to obtain a license to practice in the United States is required to take the USMLE. The USMLE consists of three steps, taken at various stages throughout the progression of a medical education. Step 1 of the USMLE is taken after the basic science portion of a medical education is completed, generally after the second year of medical school. Plaintiff must pass the USMLE, Step 1 in order to continue with her medical education.

10. Plaintiff suffers from the mental impairments which constitute disabling conditions of Other Specified Anxiety Disorder-Test Anxiety (DSM V - F41.8) which was diagnosed in February 2017 and later Plaintiff was diagnosed with Other Specified Neurodevelopmental Disorder related to visual processing (DSM V - F88).

11. UCI has regarded Plaintiff as a person with a disability since February of 2017 and NBME was informed of that fact. Additionally, NBME itself has regarded Plaintiff as a person with a disability by deeming her eligible for the exact

1 | same 50% additional time on testing for the National Subject Exams/shelf
2 | examinations.
3 |     12.   In the fall of 2017, Plaintiff applied for a testing modification of 50%
4 | increased time from Defendant for Step 1 of the USMLE based upon Plaintiff's
5 | disabling condition of Anxiety Disorder-Test Anxiety (DSM V - F41.8).
6 |     13.  NBME denied Plaintiff's request for a modification on or about January
7 | 2, 2018 on the basis that "experiencing anxiety during high stakes tests is not
8 | evidence of a disability or a substantial limitation in a major life activity."
9 |     14.   Plaintiff thereafter took the USMLE step 1 on May 8, 2018, without
10 | modification, and did not pass the examination.
11 |     15.   In the fall of 2018, Plaintiff took a remediation USMLE Test
12 | preparation course that ended mid-October. On October 31, 2018, Plaintiff took the
13 | USMLE Step 1 a second time and did not obtain a passing score.
14 |     16.   In the Spring of 2019, Plaintiff again requested from Defendant a
15 | reasonable modification of 50% additional testing time for the USMLE Step 1
16 | examination.  Plaintiff provided additional documentation via a psychological
17 | evaluation which documented her mental impairment of a testing phobia along with
18 | the overarching mental impairment of Other Specified Neurodevelopmental
19 | Disorder related to visual processing (DSM V - F88).  The evaluation found that
20 | Plaintiff's mental impairments impacted her ability to concentrate, read and
21 | comprehend and thus limited her academic achievement.
22 |     17.   On or about July 24, 2019, Defendant again denied Plaintiff her
23 | requested accommodation, contradicting the professional opinion of Plaintiff's
24 | psychological evaluators, and opining, without any similar psychological evaluation
25 | of Plaintiff, that Plaintiff's disabling condition in fact did not impact her ability to
26 | take tests.  Defendant did provide Plaintiff two "arrangements" for the USMLE,
27 |
28 |

Step 1, a separate room and additional break time, which were not accommodations recommended by Plaintiff's psychological evaluators.

18. Plaintiff sought a reconsideration from Defendant, submitting additional documentation on January 16, 2020.

19. On April 3, 2020, that request for reconsideration was denied.

20. Plaintiff is currently scheduled to take the August session of the USMLE Step 1. If Plaintiff does not pass the step 1 on this sitting, she will be dismissed from UCI for failing the USMLE after three attempts.

**FIRST CAUSE OF ACTION**

**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACTS AMENDMENTS – INJUNCTIVE RELIEF**

42 U.S.C. § 12182

(FAILURE TO ACCOMMODATE)

21. Plaintiff incorporates the paragraphs alleged above as though fully set forth in this paragraph.

22. Plaintiff suffers from the mental impairments of Other Specified Anxiety Disorder-Test Anxiety (DSM V - F41.8) and Other Specified Neurodevelopmental Disorder related to visual processing (DSM V - F88) which substantially limit the major life activities of concentration, attention and thinking.

23. Additionally, Defendant has regarded Plaintiff has having a disability by deeming her eligible for 50% extended time on the National Subject Exams/shelf examination.

24. Defendant is a place of public accommodation.

25. Plaintiff has made a request for a reasonable modification of 50% additional time on the USMLE, Step 1 and Defendant has denied that requested modification.

26. Plaintiff will suffer irreparable harm if her request for a modification is denied.

27. No remedy at law is available to Plaintiff as she will in all likelihood be denied the ability to practice her chosen profession.  Furthermore, Title III of the ADA does not allow for a monetary damages remedy.

28. The balance of hardships favors Plaintiff as she suffers from a mental impairment which impedes her ability to pass the USMLE, Step 1.

29. The public interest favors injunctive relief as such relief would promote the underlying policies of the ADA.

**PRAYER**

Plaintiff prays that the Court award damages and provide relief as follows:

1. Mandatory injunctive relief requiring Defendant to modify its existing policy to allow Plaintiff 50% additional time on the USMLE, Step 1;
2. Expungement of all previous test attempts from NBME's records;
3. Reasonable Attorneys' fees and costs pursuant to statute;
4. Any remedies that this Court deems equitable and appropriate.

Dated: June 15, 2020                     Respectfully submitted,

                                         LEIGH LAW GROUP, P.C.

                                                 /s/ Jay T. Jambeck
                                         By:_____
                                               Jay T. Jambeck
                                               *Attorneys for Plaintiff*