**IN THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA
(SOUTHERN DIVISION)**

| | |
|---|---|
| JACKLINE MUTHOKA,<br><br>         Plaintiff,<br><br>    v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>         Defendant. | **Case No. 8:20-CV-01072-JLS-KES**<br><br>**ORDER GRANTING PLAINTIFF JACKLINE MUTHOKA'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**<br><br>Date:<br>Time:<br>Ctrm:   10A<br>Judge:   Hon. Josephine L. Staton |

Plaintiff, Jackline Muthoka, has applied, pursuant to Local Rule 65-1, for a temporary restraining order, and order to show cause why a preliminary injunction should not issue, enjoining Defendant National Board of Medical Examiners (NBME) to provide Plaintiff the reasonable accommodation of 50% extended time on the United States Medical Licensing Examination (USMLE), and to expunge her previous test attempts were accommodation was not provided.

Based upon the papers submitted, the Court finds Plaintiff has established that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008); *Enyart v. Nat'l Conference of Bar Examiners, Inc.*, 630 F.3d 1153, 1160 (9th Cir. 2011).

*Success on the Merits*

Plaintiff is likely to succeed on the merits, as she (1) she is disabled; (2) her requests for accommodation are reasonable; and (3) that those requests were denied. Plaintiff underwent an individualized psychological evaluation in February and March of 2019 at the Chicago School of Professional Psychology's Irvine Counseling Center in Irvine, California and submitted the April 1, 2019 report from that evaluation to Defendant. The evaluation found that Plaintiff suffered from the mental impairments of Other Specified Anxiety Disorder-Test Anxiety (DSM V - F41.8) which was diagnosed in February 2017 and then Plaintiff was subsequently diagnosed based on the March 2019 psychological evaluation with Other Specified Neurodevelopmental Disorder related to visual processing (DSM V - F88) which the report finds is the progenitor for Plaintiff's testing anxiety. Additionally, Plaintiff's mental impairment impacts a major life activity. Major life activities "include, but are not limited to . . . concentrating, [and] thinking…." 28 C.F.R. 36.105(c)(1)(i). The April 1, 2019 psychological report finds that "Ms. Muthoka displays

significantly slower than expected processing abilities when compared to her relative strength in verbal abilities. This challenge impacts her ability to perform adequately and also produces anxious symptoms which preclude her from being able to maintain concentration on examinations." Plaintiff's mental impairment substantially limits the major life activities of concentration and comprehending. Ms. Muthoka's deficits are weaknesses relative to the general populace, and not simply to her medical school colleagues or to USMLE test takers. The April 1, 2019 psychological report indicated that Ms. Muthoka significantly underperforms in processing speed "as measured by the PSI . . . in the low average range and above those of approximately 10% of her peers" on the Wechsler Adult Intelligence Scale-Fourth Addition (WAIS-IV).

Plaintiff's requested accommodation is a reasonable and common accommodation for high stakes tests. NBME already grants Plaintiff a similar reasonable accommodation of 50% extended time on her Subject tests. The applicable regulations provide that entities should give "considerable weight to documentation of past modifications, accommodations, or auxiliary aids or services received in similar testing situations." 28 C.F.R. § 36.309(b)(1)(v). Further, NBME has granted other students up to 100% additional testing time, thus indicating that a 50% extension of testing time is reasonable given Plaintiff's evaluator's 100% extension recommendation. *Berger v. Nat'l Board of Medical Examiners*, 2019 WL 4040576, *26 (S.D. Ohio 2019).

Despite the fact that NBME provides Plaintiff 50% accommodations on the Subject examinations, it denied her request for a reasonable accommodation.

*Irreparable Harm*

Plaintiff is likely to suffer irreparable harm if a mandatory injunction does not issue. The likely loss of the opportunity to pursue one's chosen profession has been held to constitute irreparable harm. *Enyart v. Nat'l Conference of Bar*

Case 8:20-cv-01072-JLS-KES   Document 13-1   Filed 07/16/20   Page 4 of 4   Page ID #:176

*Examiners, Inc.*, 630 F.3d 1153, 1166 (9th Cir. 2011); *Doe v. Samuel Merritt Univ.*, 921 F. Supp. 2d 958, 964 (N.D. Cal. 2013) (medical student diagnosed with anxiety disorders who completed significant amount of schooling likely to suffer irreparable harm by inability to participate in clinical rotations and earn medical degree during the pendency of the litigation, thus precluding her from advancing her professional career).

*Balance of Equities*

The potential harm to Plaintiff is career ending. NBME will suffer no harm since it has previously granted other test takers 100% additional time. *Berger v. Nat'l Board of Medical Examiners*, 2019 WL 4040576, *26 (S.D. Ohio 2019). The balance of equities tips in Plaintiff's favor.

*Public Interest*

Congress has unequivocally stated the public interest is to ensure the eradication of disability discrimination. *Enyart v. Nat'l Conference of Bar Examiners, Inc.*, 630 F.3d 1153, 1167 (9th Cir. 2011).

Based on the foregoing, it is ORDERED that NBME, its agents, employees and representatives, shall be enjoined to begin the process of arranging to provide Plaintiff the reasonable accommodation of 50% additional testing time on the August administration of the USMLE and be required to show cause why a preliminary inunction should not issue.

NBME may have until July 30, 2020 to file its opposition to the issuance of a preliminary injunction and Plaintiff shall have until August 6, 2020 to file a reply. No bond shall be required.

IT IS SO ORDERED.

Dated:

By:_____
Honorable Josephine L. Staton
UNITED STATES DISTRICT JUDGE