UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-01072-JLS-KES                                      Date: July 20, 2020
Title: Jackline Muthoka v. National Board of Medical Examiners

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Terry Guerrero  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                    Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE (Doc. 9)**

Before the Court is an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. (App., Doc. 9.) Plaintiff Jackline Muthoka, a current student at the University of California, Irvine Medical School, filed this action on June 15, 2020. (*See* Complaint, Doc. 1.) She asserts a sole claim for violation of Title III of the Americans with Disabilities Act, arising out of Defendant National Board of Medical Examiners' alleged failure to provide her with a reasonable modification during the administration of the United States Medical Licensing Examination Step 1. (Complaint ¶¶ 6-29.) The principal relief sought in the Complaint is (1) an injunction "requiring Defendant to modify its existing policy to allow Plaintiff 50% additional time" on the Examination and (2) expungement from Defendant's records of Plaintiff's prior failed attempts to pass the Examination. (Prayer for Relief, Complaint at 6, Doc. 1.) Plaintiff now seeks identical redress in the instant Application. (App. at 11.)

The Clerk issued the summons in this matter on June 17, 2020. (Doc. 6.) However, Plaintiff has yet to file a proof of service on the docket. In her Application, Plaintiff explains that attempts at personal service between June 19 and June 22 failed due to the closure of Defendant's office, but that service was effected via certified mail, in compliance with California Code of Civil Procedure Section 415.40. (App. at 4-5; Jambeck Decl. ¶¶ 2-3, Doc. 12.) The certified mail was signed for on June 26, 2020 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01072-JLS-KES | Date: July 20, 2020 |
| Title: Jackline Muthoka v. National Board of Medical Examiners | |

under Section 415.40, service was thus deemed complete ten days later, on July 6, 2020. (*Id.*)

But that is the extent of the information regarding service provided by Plaintiff in her Application and accompanying declarations. The Federal Rules of Civil Procedure, the Central District of California Local Rules, and this Court's Procedures Page all govern Plaintiff's Application. Federal Rule of Civil Procedure 65(b) provides that a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). And Central District of California Local Rule 7-19.1 states that:

> It shall be the duty of the attorney so applying [in an *ex parte* fashion] (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

C.D. Cal. L.R. 7-19.1. Finally, this Court's Procedures Page requires that a party filing an *ex parte* application (1) serve it on the opposing party by email, fax, or personal service where service by electronic filing is inappropriate, and (2) "notify the opposing party that any opposition must be filed no later than 24 hours after service." Honorable Josephine L. Staton Procedures Page ¶ 3, http://www.cacd.uscourts.gov/honorable-josephine-l-staton. Plaintiff has not complied with any of these requirements.

Neither Plaintiff nor her counsel detail *any* effort to serve the pending Application on Defendant or notify Defendant of its filing and contents. Plaintiff's counsel simply attests that he has "not received any contact information for counsel for Defendant and therefore [has] not been able to confer regarding whether Defendant would stipulate to relief in order to comply with Local Rule 7-3, but it is unlikely that Defendant would so stipulate." (Jambeck Decl. ¶ 5.) As Defendant's responsive pleading is due on July 27,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:20-cv-01072-JLS-KES | Date: July 20, 2020 |
| Title: Jackline Muthoka v. National Board of Medical Examiners | |

2020 and Defendant has not yet made an appearance in this case, there is no indication that it has notice of Plaintiff's Application.

     Plaintiff has completely failed to (1) attempt to serve Defendant with, or notify Defendant of, her *Ex Parte* Application, or (2) offer any explanation as to why notice to Defendant should not be required in this instance.  Those failures require that her Application be DENIED WITHOUT PREJUDICE.  *See Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1128, 1131-32 (9th Cir. 2006) (explaining that district court improperly issued a temporary restraining order where the plaintiff did not comply with Rule 65's notice requirement).  Plaintiff may re-file her Application after complying with all requirements set forth above.  Any renewed Application must include a declaration from Plaintiff's counsel attesting to such compliance.

                                                     Initials of Preparer: _____