Alisha C. Burgin, Bar No. 286269
ABurgin@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Robert A. Burgoyne (*Pro Hac Vice Application Forthcoming*)
RBurgoyne@perkinscoie.com
Caroline Mew (*Pro Hac Vice Application Forthcoming*)
CMew@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, DC 20005-3960
Telephone: 202.654.1744
Facsimile: 202.624.9548

Attorneys for Defendant
National Board of Medical Examiners

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JACKLINE MUTHOKA,<br><br>          Plaintiff,<br><br>     v.<br><br>NATIONAL BOARD OF MEDICAL EXAMINERS,<br><br>          Defendant. | Case No. 8:20-cv-01072-JLS-KES<br><br>**DEFENDANT'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF** |

Defendant National Board of Medical Examiners ("NBME") by and through its attorneys, hereby answers the allegations in the correspondingly numbered paragraphs of the Complaint for Injunctive Relief ("Complaint") of Plaintiff Jackline Muthoka ("Plaintiff") as follows:

## THE PARTIES

1. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies them.

2. In response to the allegations in paragraph 2, NBME admits that it is a non-profit organization and its principal place of business is located in Philadelphia County, Pennsylvania.

## JURISDICTION AND VENUE

3. The allegations in paragraph 3 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that the Court has subject matter jurisdiction over this action, and admits that this action arises under Title III of the Americans with Disabilities Act ("ADA") but denies that the statute cited by Plaintiff, 42 U.S.C. § 12182, is applicable to NBME. NBME states that it is subject to a specific provision in Title III of the ADA applicable to certain tests, found at 42 U.S.C. § 12189, with respect to its offering the United States Medical Licensure Examination ("USMLE").

4. The allegations in paragraph 4 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME states that it is not challenging venue in this action.

5. The allegations in paragraph 5 are legal conclusions that NBME is not required to admit or deny, but if so required, NBME admits that it administers Steps 1, 2 CK, and 3 of the USMLE through a third-party vendor in California and that there are USMLE test centers in Los Angeles, California. NBME denies that it is subject to personal jurisdiction in the State of California for the reasons alleged by Plaintiff, but states that it is not challenging personal jurisdiction in this action.

## GENERAL ALLEGATIONS

6.  NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7.  NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8.  In response to the allegations in paragraph 8, NBME admits that Plaintiff has not yet obtained a passing score on Step 1 of the USMLE. NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies them.

9.  In response to the allegations in the first sentence of paragraph 9, NBME admits that the USMLE is a three-step examination for licensure as an allopathic physician in the United States, but denies that "[e]ach medical student who intends to obtain a license to practice in the United States is required to take the USMLE," as medical students may also obtain a license to practice as an osteopathic physician by taking a different licensure examination. With regard to the allegations in the second sentence of paragraph 9, it is NBME's understanding that examinees take the Step 1 examination at different times, including after their second year of medical school. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 9, and therefore denies them.

10.  NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11.  NBME is without knowledge or information sufficient to form a belief as to whether "UCI has regarded Plaintiff as a person with a disability since February 2017," but denies that it was informed of this fact. NBME denies the remaining allegations in paragraph 11. If an examinee seeks disability-based testing accommodations on a subject matter ("shelf") examination in medical

school, the examinee's institution, not NBME, determines whether it will authorize any accommodations and, if so, what the accommodations will be.

12. NBME admits that Plaintiff applied for the testing accommodation of 50% extra time on Step 1 of the USMLE in November 2017 and denies the remaining allegations in paragraph 12.

13. NBME admits that it denied Plaintiff's testing accommodation request by letter dated January 2, 2018, and admits that Plaintiff accurately quotes from this letter in paragraph 13, but denies that the allegations in paragraph 13 are a complete recitation of the grounds for NBME's decision.

14. NBME admits the allegations in paragraph 14 (but with the clarification that its records reflect an exam date of May 7, 2018).

15. NBME is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 15 and therefore denies them. NBME admits the allegations in the second sentence of paragraph 15 (but with the clarification that its records reflect an exam date of October 30, 2018).

16. NBME admits that Plaintiff requested the accommodation of 50% extra time on Step 1 of the USMLE in May 2019 (as well as additional break time), and that Plaintiff submitted an additional psychological evaluation in support of this request, but denies the remaining allegations in paragraph 16.

17. NBME admits that it denied Plaintiff's request for testing accommodations by letter dated July 24, 2019, but denies the remaining allegations in the first sentence of paragraph 17. NBME admits that it agreed to provide Plaintiff with the arrangements of a separate testing room and additional break time in the July 24, 2019 letter; NBME denies the remaining allegations in the second sentence of paragraph 17.

18. NBME admits the allegations in paragraph 18.

19. In response to the allegations in paragraph 19, NBME admits that Ms. Muthoka's January 16, 2020 request for reconsideration was denied by letter dated April 3, 2020.

20. NBME denies that Plaintiff is currently scheduled to take Step 1 of the USMLE but admits that she has an eligibility period for testing from April 1, 2020 until June 30, 2021.  NBME is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies them.

## FIRST CAUSE OF ACTION

21. NBME restates and incorporates by reference its responses to paragraphs 1-20.

22. NBME denies the allegations in paragraph 22.

23. NBME denies the allegations in paragraph 23.

24. NBME denies the allegations in paragraph 24.

25. NBME admits that Plaintiff requested 50% extra time testing accommodations on Step 1 of the USMLE and that NBME denied her request; NBME denies the remaining allegations in paragraph 25.

26. NBME denies the allegations in paragraph 26.

27. NBME admits that monetary damages are not available under Title III of the ADA and denies the remaining allegations in paragraph 27.

28. NBME denies the allegations in paragraph 28.

29. NBME denies the allegations in paragraph 29.

The remaining allegations in Plaintiff's Complaint constitute a prayer for relief as to which no response is required, but NBME denies that Plaintiff is entitled to the relief requested or to any relief.

**ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED HEREIN ARE DENIED.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's claim under Title III of the ADA is barred by the two-year statute of limitations. Plaintiff's request for accommodations on Step 1 of the USMLE was denied in January 2018 and she sat for Step 1 of the USMLE in May 2018 without accommodations. Plaintiff's subsequent requests for reconsideration do not extend the accrual date for her Title III claim.

DATED:  July 27, 2020

Respectfully submitted,

**PERKINS COIE LLP**

By:*/s/ Alisha C. Burgin*
Alisha C. Burgin, Bar No. 286269
ABurgin@perkinscoie.com

Attorneys for Defendant
National Board of Medical Examiners